IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>INSURANCE TRIPLE E, LLC<br><br>        Defendant. | Case No. 3:25-cv-01857-KM |

**MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT**

    COMES NOW Plaintiff, pursuant to Fed. R. Civ. P. 55(a), hereby files this Motion for Clerk's Entry of Default against Insurance Triple E, LLC ("Defendant") in the above-styled action. Mr. Friel respectfully requests that the Clerk of Court enter default as the Defendant has failed to serve or file an answer to Plaintiff's claims in this action within the time permitted by law or otherwise.

    Federal Rule of Civil Procedure 12(a), entitled "Time to Serve a Responsive Pleading," provides in pertinent part that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." See Fed. R. Civ. P. 12(a)(1)(A)(i). Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default." See Fed. R. Civ. P. 55(a) (emphasis added).

1

Here, the Defendant was served on October 18, 2025, with the responsive pleading due on November 8, 2025. *See* ECF No. 5. However, the Defendant did not file a responsive pleading and has previously indicated that it does not intend to do so. Accordingly, the Plaintiff requests that the Clerk enter the Defendant's default pursuant to Fed. R. Civ. P. 55(a).

On November 12, 2025, the Court entered an Order directing Plaintiff "to file to further this action by 11/21/25." ECF No. 6. Immediately following that Order, Plaintiff's counsel contacted attorney Juan Mercado, whom Plaintiff understood to be in communication with Defendant and its E&O carrier, and forwarded the Court's Order so that Defendant could make an informed decision about how to proceed.

On November 15, 2025, Mr. Mercado advised undersigned counsel by email that he had spoken with the E&O adjusters and that they "told [him] that there is no coverage for this case, and the entity does not have sufficient assets to justify hiring counsel out of pocket." He further explained that his client was "just thinking of throwing its hands up and taking the default judgement," and that Defendant could offer only a nominal amount to settle.

In response, Plaintiff's counsel did not immediately rush to seek default. Instead, Plaintiff's counsel invited further discussion and expressly warned that, absent timely appearance or resolution, Plaintiff would have no choice but to move for default and that Defendant would likely be subject to a show cause order if it continued to ignore the suit. Plaintiff's counsel also offered to share the categories of financial-condition documents typically evaluated in TCPA matters to facilitate a potential resolution. Plaintiff thus attempted to accommodate Defendant's situation and afforded it an opportunity to avoid default, while still respecting the Court's November 21, 2025 deadline.

Despite these efforts, Defendant has not caused an attorney to enter an appearance, has not answered or otherwise responded to the Complaint, and has taken no steps to defend this action. Faced with a non-appearing defendant that has consciously chosen "to throw its hands up and take the default," Plaintiff has complied with the Court's directive to further the case by filing a motion for entry of default and pursuing default proceedings.

Under these circumstances, Plaintiff respectfully submits that it has diligently prosecuted this matter, has attempted in good faith to accommodate Defendant's request for time and information, and is now proceeding by default only because Defendant has knowingly elected not to defend. The relief requested in Plaintiff's motion for default is therefore a reasonable and necessary response to Defendant's deliberate inaction and is fully consistent with the Court's November 12, 2025 Order.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Clerk of Court enter default against Defendants pursuant to Fed. R. Civ. P. 55(a).

Plaintiff,
By Counsel,

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com