IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FRIEL,                                : No. 3:25cv1857
individually and on behalf of a class  :
of all persons and entities similarly  : (Judge Munley)
situated,                                     :
           Plaintiff           :
  v.                                         :
                                              :
INSURANCE TRIPLE E, LLC,            :
           Defendant      :
..............................................................................................

## ORDER

On November 24, 2025, the Clerk of Court entered default against Defendant Insurance Triple E, LLC in this putative class action for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA").. (Doc. 9). Before the court is a motion to commence discovery filed by Plaintiff Joseph Friel. (Doc. 10). The motion will be granted.

Procedurally, a party may seek discovery prior to any discovery conference when authorized to do so by court order. FED. R. CIV. P. 26(d)(1). Under Federal Rule of Civil Procedure Rule 55(b), the rule authorizing entry of default judgment, the court "may conduct hearings or make referrals…when, to enter or effectuate judgment, it needs to… determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." FED. R. CIV. P. 55(b)(2)(B)-(D).

Here, Friel brings this action on behalf of himself and two separately defined proposed classes, a Robocall Class and a National Do Not Call Registry Class. He needs evidence to move forward with certification. District courts throughout the United States routinely permit TCPA plaintiffs to conduct discovery where a motion for default judgment has been filed, but discovery is necessary to resolve issues such as class certification and damages. See Ashworth v. Off Leash K9 Training Cent. Fla. LLC, No. 6:24-CV-01858-CEM-LHP, 2025 WL 1083621, at *1 (M.D. Fla. Mar. 24, 2025) (collecting cases); Cleveland v. Nextmarvel, Inc., No. CV TDC-23-1918, 2024 WL 198212, at *4 (D. Md. Jan. 18, 2024) (collecting cases).

Specifically, to certify either or both classes under the Federal Rules of Civil Procedure, Friel must demonstrate that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a), 23(b).

Further, Friel's complaint signals that he may seek to certify the classes under Federal Rule of Civil Procedure Rule 23(b)(2) and/or 23(b)(3). (Doc. 1, Compl. ¶ 44). A plaintiff seeking certification of a Rule 23(b)(3) class must meet the Rule 23(a) prerequisites and prove by a preponderance of the evidence that

the class is ascertainable. Byrd v. Aaron's Inc., 784 F.3d 154, 163 (3d Cir. 2015), as amended (Apr. 28, 2015). The ascertainability standard requires a plaintiff to show that: (1) the class is defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition. Id.

To meet the above criteria in a TCPA case where a defendant has defaulted, information relevant to Friel's putative class-wide claims could plausibly be found in records from third-parties such as affiliate entities, telephone carriers, and/or VoIP providers. The court is thus persuaded that "[o]ne of the only meaningful ways to identify putative class members in TCPA cases where the defendants are in default and whether they have claims for violations thereunder is through calling records." (Doc. 10, Br. in Supp. at 3).

Consequently, it is hereby **ORDERED** that:

1) Plaintiff's motion to commence discovery is **GRANTED**;

2) Plaintiff shall have until **April 3, 2026** to conduct class certification and damages related discovery;

3) On or before the discovery deadline, plaintiff shall file a motion for default judgment; and

4) On or before the discovery deadline, plaintiff shall also file a status report as to whether he will proceed with a motion for class certification.

Date: 12/18/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court